UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Amanda Pierni, individually and on behalf of all others similarly situated, | CLASS ACTION |
| *Plaintiff*, | Case No._____ |
| vs. | JURY TRIAL DEMANDED |
| Midland Credit Management Inc., | |
| *Defendant*. _____/ | |

**CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, *ET SEQ.***

1. Amanda Pierni, (hereinafter referred to as "Plaintiff" or "Pierni"), through her attorneys, brings this action to challenge the actions of Midland Credit Management, Inc. (hereinafter referred to as "Defendant" or "MCM"), with regard to attempts by MCM to unlawfully and abusively collect a debt allegedly owed by Pierni, which has caused Pierni and those similarly situated damages.

**NATURE OF THE ACTION**

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereinafter "FDCPA"), to eliminate

1

abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Pierni makes these allegations on information and belief with the exception of those allegations that pertain directly to Pierni, which Pierni alleges on personal knowledge.

4. While many violations are described with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by MCM were knowing, willful, and intentional, and MCM did not maintain procedures reasonably adapted to avoid any such violation. Pierni alleges that MCM violated the FDCPA.

6. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt in that the actions of MCM are designed to intimidate the least sophisticated debtor into believing that her employer was about to be contacted by MCM, which would both embarrass her with her employer and potentially cause her to lose her job.

7. Through this complaint, Pierni does not allege that any state court judgment was entered against any Plaintiff in error, and Pierni does not seek to reverse or modify any judgment of any state court.

8. Unless otherwise indicated, the use of "MCM" in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of MCM.

**JURISDICTION AND VENUE**

9.  Jurisdiction is proper under 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k) as Plaintiff alleges violations of a federal statute.

10. This action arises out of MCM's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

11. Because MCM does business within the State of Massachusetts, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant conducts business within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiffs occurred within the State of Massachusetts, subjecting Defendant to jurisdiction in the State of Massachusetts.

## PARTIES

13. Pierni is a natural person who lives in the City of Whitman, State of Massachusetts.

14. Upon information and belief, MCM is a Kansas corporation, with its principal place of business located in San Diego, California. MCM conducts business within the State of Massachusetts, including engaging in debt collection within the state.

15. Pierni is a natural person allegedly obligated to pay a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

16. MCM is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects

or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a debt collector as defined by 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## **FACTS**

18. Sometime before March 17, 2022, Pierni is alleged by MCM to have incurred certain financial obligations to Capital One, N. A. (account number ending in 2116).

19. These financial obligations were primarily for personal, family or household purposes, and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. Sometime thereafter, but before March 17, 2022, Pierni allegedly fell behind in the payments allegedly owed on the alleged debt.

21. As it is irrelevant to this action, Pierni takes no position as to the validity of this alleged debt.

22. Subsequently, but before March 17, 2022, the alleged debt was assigned, placed, or otherwise transferred to MCM for collection.

23. On March 17, 2022, MCM, a debt collector under the FDCPA, mailed a dunning letter to Pierni in an attempt to collect the alleged debt.

24. Thereafter, Pierni received that March 17, 2022 letter. This communication to Pierni was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

25. At no time before or after this initial communication has MCM ever communicated with Pierni at her place of employment.

26. In this March 17, 2022 communication with Pierni, MCM told Pierni that Pierni had the right to make a written or oral request that telephone calls regarding the alleged debt not be made to her at her place of employment.

27. This March 17, 2022 communication also stated to Pierni that any such oral request would only be valid for 10 days unless Pierni provided a written confirmation of the request postmarked or delivered to MCM within seven days of such request.

28. In this March 17, 2022 letter, MCM represented to Pierni that its statement regarding how Pierni could limit calls to her place of employment were valid for only 10 days also stated that this was an "important" representation of Pierni's "additional rights."

29. This statement was a false, deceptive, or misleading representations or means in connection with the collection of a debt.

30. In reality, and pursuant to 15 U.S.C. § 1692c(a), any request by Pierni requesting that telephone calls regarding the alleged debt not be made to the consumer's place of employment are actually diminished by MCM's representation as any oral request is valid in perpetuity with or without written confirmation, absent the prior consent of the consumer given directly to the debt collector, or with the express permission of a court of competent jurisdiction.

31. Consequently, through this false, deceptive, and misleading statement, MCM was not providing Pierni an "important" "additional right", but was, instead, attempting to diminish Pierni's rights under the FDCPA by placing psychological pressure on her and having her believe that a vital source of income for her, employment, might be in jeopardy if she failed to pay the money demanded by MCM.

32. This statement by MCM is a false, deceptive, or misleading representation or means in connection with the collection of a debt as 15 U.S.C. § 1692c(a)(1) provides that a consumer need not be concerned that a debt collector will one day communicate with the consumer, or the consumer's employer, at her place of employment after the consumer has provided the debt collector with notice that such communications are inconvenient to the consumer, and nothing in the FDCPA provides a time-related limitation as to this right.

33. Consequently, the March 17, 2022 representation by MCM regarding oral requests being valid for only ten days without written confirmation violates 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692e(10), and is designed to intimidate and injure, and does in fact intimidate and injure, the least sophisticated debtor by falsely, deceptively, and misleadingly representing that the protections provided for by 15 U.S.C. § 1692c(a)(1) are limited to ten days absent a written confirmation, when 15 U.S.C. § 1692c(a)(1) actually protects consumers from communications at the consumer's place of employment in perpetuity absent the prior consent of the consumer given directly to the debt collector, or with the express permission of a court of competent jurisdiction.

34. This false, deceptive, or misleading representation or means in connection with the collection of a debt is also a tactic by MCM designed to cause Pierni additional and unnecessary actual damages in the form of financial harm.

35. This false, deceptive, or misleading representation or means in connection with the collection of a debt is also a tactic by MCM to place psychological pressure on least sophisticated debtors who are in dire financial straits into believing that a vital source of income for them, their employment, is in jeopardy if the consumer fails to pay the money demanded.

## CLASS ALLEGATIONS

36. Pierni brings this case as a Class Action pursuant to Fed. R. Civ. P. 23(b)(3) and/or (b)(2) on behalf of Pierni and all others similarly situated.

37. Pierni represents, and is a member of, the following class (the "Class") defined as:

> All persons within the State of Massachusetts in which MCM sent an initial communication within one (1) year prior to the filing of this Complaint and which was substantially similar or identical to the March 17, 2022 communication sent to Pierni in an attempt to collect a debt, and that initial communication violated the FDCPA 15 U.S.C. § 1692g(a).

38. Pierni represents, and is a members of the Class because Pierni received an initial communication from MCM as described above in MCM's attempt to collect a debt that failed to include the requisite language found in 15 U.S.C. § 1692g(a).

39. MCM, its employees and agents are excluded from the Class.

40. Pierni does not know the number of members in the Class, but believes the Class' members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

41. Pierni and members of the Class were harmed by the acts of MCM in at least the following ways:

42. As described in more detail above, MCM illegally threatened that Pierni might be contacted at her place of employment when such contact would be illegal under the FDCPA.

43. These letters are a part of a methodical and systematic illegal tactic and strategy by MCM to embarrass consumers with their employers and a tactic designed to cause consumers fear that they may potentially lose their jobs.

44. This suit seeks only damages and relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.

45. Pierni reserves the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as additional facts are learned in further investigation and discovery.

46. The joinder of the Class' members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

47. The Class can be identified through the business records of MCM.

48. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class and Subclass members, including, but not limited to, the following:

   a. Whether, within the one year prior to the filing of this Complaint, MCM sent initial communications to consumers that were substantially similar to the letter communication MCM sent to Pierni;

   b. Whether Pierni and the Class were damaged thereby, and the extent of damages for such violation; and

    c. Whether MCM should be enjoined from engaging in such conduct in the future.

49. As persons that received a letter substantially similar to the letter communication described above, Pierni are asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Pierni have no interests antagonistic to any member of the Class.

50. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the MCM's unlawful and wrongful conduct. Absent a Class Action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and MCM will likely continue such illegal conduct. Because of the size of the Class member's claims, few, if any, the members of the Class could afford to seek legal redress for the wrongs complained of herein.

51. The illegal actions of MCM has, and continues to do so, competitively disadvantaged other debt collectors that refrain from using abusive debt collection practices.

52. Plaintiff has retained counsel experienced in handling class action claims and claims involving consumer actions and violations of the Fair Debt Collection Practices Act (FDCPA).

53. A Class Action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce MCM to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against MCM is small because the maximum statutory damages in an individual action for violation the statutes alleged herein are minimal, as the collective maximum statutory damages for an individual action under the FDCPA is $1,000.

54. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

55. MCM has acted on grounds generally applicable to the Class, thereby making appropriate final relief with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")
### 15 U.S.C. §§ 1692, *ET SEQ*.

56. Pierni repeat, re-allege, and incorporates by reference, all other paragraphs.

57. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

58. As a result of each and every violation of the FDCPA, Plaintiff are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from MCM.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, pray for the following relief:

- That this action be certified as a Class Action on behalf of the Class;
- That Pierni be appointed as the representative of the Class;
- That Pierni's counsel be appointed as Class Counsel;

10

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- An award of pre-judgment and post-judgment interest as permitted by law;

- Any and all other relief that this Court may deem just and proper;

## JURY DEMAND

Plaintiffs and Class Members hereby demand a trial by jury.

Dated: November 28, 2022                                       Respectfully Submitted,

**THE LAW OFFICES OF NICK YOUSIF**

By: _/s/ Nicola Yousif, Esq._
Nicola Yousif, Esq. (MA #679545)
Matthew A. McKenna, Esq. (MA #705644)
157 Belmont St.
Brockton, MA 02301
Email: nick@yousiflaw.com


Abbas Kazerounian, Esq. (*pro hac vice*)
Pamela E. Prescott, Esq. (*pro hac vice*)
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Email: ak@kazlg.com

*Counsel for Plaintiff and the Class*

11